IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER LEATHERS,

    Plaintiff,

vs.                                                              No. 1:21-cv-00955-KWR-JFR

INTERNAL REVENUE SERVICE,
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Motion for Order to Compel a Response from Internal Revenue Service filed by Plaintiff Roger Leathers on September 29, 2021 (Doc. 1), which the Court has construed as a civil complaint. The Court will dismiss the complaint for failure to comply with Court orders, failure to comply with statutes and rules, and failure to prosecute.

Plaintiff Roger Leathers is an incarcerated prisoner. He filed the Motion for Order to Compel a Response from Internal Revenue Service on September 29, 2021. (Doc. 1). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the civil complaint. He did, however, submit an inmate account statement as required by 28 U.S.C. § 1915 to proceed *in forma* pauperis. (Doc. 2). Therefore, the Court entered an Order to Cure Deficiencies on February 22, 2022. (Doc. 7). The Court ordered Plaintiff Leathers to pay the filing fee or submit an application to proceed *in forma* pauperis within 30 days but did not require him to submit a new inmate account statement. (Doc. 7). The Court also provided Plaintiff with a form application to proceed under 28 U.S.C. § 1915 with instructions. (Doc. 7 at 2).

1

Plaintiff Leathers submitted an application to proceed under § 1915 on March 2, 2022. (Doc. 8). The Court granted the application to proceed *in forma pauperis* on March 18, 2022. (Doc. 9). The Court also required Plaintiff Leathers to make an initial partial payment of $24.80 or show cause why he should not be required to make the payment within 30 days of entry of the Order. (Doc. 9 at 1). More than 30 days passed, and Plaintiff Leathers did not pay the $24.80 initial partial payment, show cause, or otherwise responded to the Court's March 18, 2022 Order.

On May 10, 2022, the Court entered an Order to Show Cause. (Doc. 10). The Order directed Plaintiff Leathers to show cause why the case should not be dismissed for failure to comply with the Court's March 18, 2022 Order to make an initial partial payment. (Doc. 10 at 1-2). The Order also notified Plaintiff Leathers that, if he did not show cause within 30 days, the Court could dismiss the case without further notice. (Doc. 10 at 2). More than 30 days has elapsed since entry of the March 18, 2022 Order and Plaintiff Leathers has not shown cause, responded to the Order, or otherwise communicated with the Court.

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court ***shall*** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). The inmate account statement submitted by Leathers shows that Leathers had deposits to his account sufficient to pay the initial partial payment but spent his money on commissary purchases. (Doc. 2). *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th

2

Cir. 2001). Plaintiff Leathers was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused but has failed to comply with the Court's Orders.

Plaintiff Leathers has failed to comply with the Court's March 18, 2022 Order to make an initial partial payment, has failed to comply with the Court's May 10, 2022 Order to Show Cause, and has failed to prosecute this case by failing to communicate with the Court. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will dismiss this action without prejudice for failure to comply with Court orders and failure to prosecute.

**IT IS ORDERED** that the Motion for Order to Compel a Response from Internal Revenue Service filed by Plaintiff Roger Leathers on September 29, 2021 (Doc. 1), which the Court has construed as a civil complaint, is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**