## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROGER LEATHERS,

    Plaintiff,

v.                                                                      No. 1:21-cv-00955-KWR-JFR

INTERNAL REVENUE SERVICE,
UNITED STATES OF AMERICA,

    Defendants.

### <u>ORDER DENYING MOTION TO ALTER OR AMEND FINAL JUDGMENT</u>

**THIS MATTER** is before the Court on Plaintiff Roger Leathers' Motion to Continue Lawsuit Until Full Amount Paid, etc., filed June 16, 2020. (Doc. 13) (the "Motion"). Having reviewed the Motion, the docket, and the relevant law, the Court finds that the Motion is not well taken and must be denied.

In a Memorandum Opinion and Order entered June 13, 2022, the Court dismissed this case without prejudice for failure to comply with Court orders and failure to prosecute. (Doc. 11). The Court entered a Judgment the same day. (Doc. 12). Twenty-five days later, on June 16, 2022, Plaintiff filed the Motion seeking to continue this action until all money allegedly owed to him by Defendants is paid. (Doc. 13). Based on its substance and timing, the Court construes the Motion as seeking to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion to reconsider filed within that timeframe is construed under Rule 59(e). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds that justify altering or amending a judgment pursuant to Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a

need to correct clear error or prevent manifest injustice. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Does*, 204 F.3d at 1012). Rule 59(e) does not permit a losing party to revisit issues previously addressed or to present new legal theories or facts that could have been raised earlier. *Does*, 204 F.3d at 1012. Rather, relief "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff has not demonstrated appropriate grounds for relief under Rule 59(e). The Motion will therefore be denied. As this case was dismissed without prejudice, Plaintiff may pursue his claims by filing a new civil complaint in a separate lawsuit.

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**